| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY**<br>**STATE OF COLORADO**<br>Denver District Court<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: February 5, 2020 6:51 PM<br>FILING ID: BC2C7096A2F7C<br>CASE NUMBER: 2020CV30486 |
| **Plaintiff:**<br><br>ROBBIE MARQUEZ<br><br>v.<br><br>**Defendant:**<br><br>FRITO-LAY, INC. | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br>Brad R. Irwin, Esq., Reg. No. 16906<br>IRWIN FRALEY, PLLC<br>6377 S. Revere Parkway, Suite 400<br>Centennial, Colorado 80111<br>Phone:  303-999-9000<br>Fax:      303-999-9001<br>Email:   birwin@coloradolawyers.com | **Case No.:**<br><br>**Courtroom:** |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff, Robbie Marquez, by and through his attorneys, IRWIN FRALEY, PLLC, submits this Complaint against Defendant, Frito-Lay, Inc., and in support thereof, states and avers the following:

## PRELIMINARY STATEMENT

1. This is an action for wrongful discharge arising out of the termination of employment of Plaintiff, Robbie Marquez, by Defendant, Frito-Lay, Inc., in retaliation for the filing of a worker's compensation claim and in violation of Colorado law.

## VENUE

2. Pursuant to C.R.C.P. Rule 98(c), venue is proper in Denver County, Colorado, as Defendant has a place of business located in Denver, Colorado where Plaintiff was employed.

EXHIBIT C

## PARTIES AND GENERAL ALLEGATIONS

3. At all times relevant to this action, Plaintiff, Robbie Marquez, was a resident of the State of Colorado.

4. Defendant, Frito-Lay, Inc. is a Delaware corporation authorized to do business in the state of Colorado, with a place of business located at 3995 Nome Street, Denver, Colorado.

## FACTUAL ALLEGATIONS

5. Plaintiff, Robbie Marquez, began his employment with Defendant, Frito-Lay, Inc., in May 1990.

6. Plaintiff was employed by Defendant as a Route Sales Representative. Plaintiff sustained injuries during the course and scope of his employment with Defendant as a result of various activities including, but not limited to, pushing racks of merchandise weighing up to 300 pounds, stocking shelves, lifting, carrying, bending and twisting to perform his job duties.

7. Plaintiff's injuries eventually required him to take time off of work on or about December 21, 2017.

8. As a direct and proximate result of these injuries, Plaintiff was required file a worker's compensation claim with his employer pursuant to the Colorado Workers Compensation Act.

9. Pursuant to this requirement to provide notice to his employer of any work-related injuries, Plaintiff reported his injuries to Defendant with an approximate date of injury of December 21, 2017.

10. On or about January 25, 2018, Plaintiff received a text from his immediate supervisor, James Healey, to come in and meet with him. Plaintiff went to meet with Mr. Healey the following day on January 26, 2018, at which time Mr. Healey accused Plaintiff of "timecard fraud" and placed Plaintiff on suspension without showing him any documentation or proof of any alleged timecard fraud.

11. On or about, January 31, 2018, Defendant sent Plaintiff a packet of information to apply for Short-Term Disability and Family Medical Leave.

12. Plaintiff was subsequently terminated from employment with Defendant on February 7, 2018, again without providing Plaintiff with any documentation or proof of any alleged timecard fraud.

13. Prior to his termination, Plaintiff had worked for Defendant for over 27 years without any employee discipline, write-ups, warnings, or allegations of any improper conduct or performance issues.

## CLAIM FOR RELIEF
(Wrongful Discharge)

14. Plaintiff hereby incorporates all preceding paragraphs of this Complaint, as though fully set forth herein.

15. Plaintiff was hired by Defendant in May 1990.

16. During the course and scope of Plaintiff's employment with Defendant, Plaintiff exercised his legal right and duty under the Colorado Workers Compensation Act to file a claim for benefits as a direct and proximate result of the work-related injuries he sustained.

17. Defendant was aware, or reasonably should have been aware, that Plaintiff had a legal right and duty to file a worker's compensation claim and to receive benefits with regard to any work-related injuries that he sustained during the course and scope of his employment with Defendant.

18. Defendant discharged Plaintiff on February 7, 2018, as a direct and proximate result of Plaintiff exercising his legal right and duty under Colorado law as a worker, and as an employee of Defendant, to file a claim and receive worker's compensation benefits for his work-related injuries.

19. As a direct and proximate result of the wrongful discharge by Defendant, Plaintiff has sustained both economic and noneconomic losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of the Plaintiff and against Defendant and grant the following relief:

A. Compensation for any and all past and future economic losses;

B. Compensation for any and all past and future noneconomic losses for pain and suffering, inconvenience, emotional distress, anxiety, and loss of enjoyment of life;

C. Compensation for any and all other out-of-pocket expenses sustained or incurred;

D. Costs, expert witness fees, and interest as provided by law; and,

E. Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury of all issues to be determined.

Dated: February 5, 2020

Respectfully submitted,

IRWIN FRALEY, PLLC

*s/ Brad R. Irwin*
Brad R. Irwin, Esq.

**Attorneys for Plaintiff**

**Plaintiff's Address:**
152 S. Newbern Way
Aurora, CO 80018

*This pleading was filed with the Court through the Colorado ICCES Electronic Filing System. Pursuant to C.R.C.P. 121 § 1-26, the original signed copy of this pleading is on file with IRWIN FRALEY, PLLC.*