IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00574-PAB-STV

ROBBIE MARQUEZ,

    Plaintiff,

v.

FRITO-LAY, INC.,

    Defendant.

## ORDER

This matter is before the Court on Defendant Frito-Lay Inc.'s Motion for Summary Judgment [Docket No. 44]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Defendant operates a product distribution center for its Frito-Lay products in Denver, Colorado.[1] *See* Docket No. 44 at 2, ¶¶ 1-2. Employees who sell defendant's products from the distribution center are called Route Sales Representatives ("RSR"). *Id.*, ¶ 2. A "route" in defendant's parlance is a "distinct group of customer stores that are called upon and serviced according to a set schedule." *Id.*, ¶ 3. A large format route has "three or four very large stores that are serviced seven days a week." *Id.*, ¶ 5. A large format route will have a colleague who "runs the route on the two days" the primary RSR has off. *Id.*, ¶ 9. RSRs servicing a large format route would use their own vehicles. *Id.* at 3, ¶ 11. An RSR carries a handheld computer that he or she uses to

---

[1] The following facts are undisputed unless otherwise indicated.

"log[] onto and off the clock for payroll purposes," and an RSR's compensation is determined by the hours that RSR works. *Id.*, ¶¶ 12-13. RSRs are not compensated "for time spent traveling from their residences to their first store for the day, and are not entitled to pay for time spent traveling to their residences from their last store each day." *Id.*, ¶ 14. RSRs are required to log onto their handheld when they arrive at their first store and log off when leaving the last store. *Id.*, ¶ 15. If, for whatever reason, that does not happen, an RSR can manually adjust his time. *Id.*, ¶ 16.

Plaintiff was an RSR on a large format route. *Id.*, ¶ 17. On Sundays, plaintiff would often manually adjust his work times. *Id.* at 4, ¶ 24. On Sunday, January 14, 2018, the chip aisles at Walmart store 5443 and King Soopers store 112, which were assigned to plaintiff, had not been serviced as of 6:24 a.m. and 6:17 a.m, respectively.[2] *Id.* at 5, ¶ 28. Plaintiff was photographed entering Walmart 5443 at 7:02 a.m. on that day.[3] *Id.*, ¶ 30. Plaintiff remained on the clock for payroll purposes after he left the store and while he was at his home. *See id.* at 6, ¶¶ 34-35. Later that afternoon,

---

[2] Plaintiff denies this fact. *See* Docket No. 51 at 3, ¶ 28. However, his denial is unsupported. Plaintiff merely denies the fact without any evidentiary support, stating that he has "no personal knowledge or information as to when the subject photograph was taken." *Id.* Federal Rule of Civil Procedure 56(e)(2) permits a court to deem a fact not "properly address[ed]" as "undisputed for purposes of the motion." *See* Fed. R. Civ. P. 56(e)(2); *see also* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer § III.F.3.b.iv (stating that a denial must be accompanied by a "specific reference to material in the record supporting the denial"); *see also id.*, § III.F.3.b.ix ("Failure to follow these procedures . . . may cause the Court to deem certain facts as admitted.") Given plaintiff's failure to address this fact or cite to any record evidence, the Court deems it admitted.

[3] Plaintiff again denies this fact, but fails to cite to any record evidence to support the denial and rather states that he has "no independent recollection of the events." *See* Docket No. 51 at 4, ¶ 31. Accordingly, the Court deems this fact admitted.

plaintiff adjusted his start time to 5:08 a.m. for that day.  *Id.*, ¶ 37.

On Friday, January 26, 2018, defendant suspended plaintiff pending an investigation into his time stamps.  *Id.*, ¶ 39.  On February 7, 2018, defendant fired plaintiff "for failure to accurately report his work time."  *Id.* at 8, ¶ 51.  Plaintiff appealed his decision on February 9, 2018 to the Region Vice President.  *Id.*, ¶ 52.  On February 22, 2018, plaintiff's appeal was denied.  *Id.*, ¶ 55.  Defendant prohibits the submission of falsified time records and, any time such conduct is found, that employee is terminated.[4]  *Id.* at 9, ¶¶ 61-62.

After defendant suspended plaintiff, plaintiff sought medical treatment on January 28 and 29th, 2018 related to back injuries.  *Id.* at 7, ¶ 44.  Plaintiff's physician recommended that plaintiff not work.  *Id.*, ¶ 45.  The physician's note did not indicate that the injury was work related.  *Id.*, ¶ 47.  On February 2, 2018, plaintiff filed a workers' compensation claim directly with the State of Colorado.  *Id.*, ¶ 48.  Even though defendant had a telephone number to utilize in cases of workers' compensation, plaintiff neither used that number nor notified defendant that he was seeking workers' compensation.  *Id.*, ¶¶ 42, 48, 50.

On February 5, 2020, plaintiff filed suit in Denver District Court.  *See* Docket No. 2.  On March 2, 2020, defendant removed the action to federal court.  *See* Docket No. 1.  Plaintiff brings one claim, that for state common law wrongful discharge in violation of public policy.  *See* Docket No. 2 at 3.

---

[4] Plaintiff denies this fact but, again, identifies no record evidence supporting his denial.  *See* Docket No. 51 at 7, ¶ 62.  Moreover, plaintiff admits that he is unaware of a single employee of defendant who was not terminated as a result of false time records.  *See* Docket No. 44 at 9, ¶ 63; Docket No. 51 at 7, ¶ 63.

3

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the

4

presence of each element essential to the case." *Bausman*, 252 F.3d at 1115.  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*

Plaintiff asserts that he was wrongfully discharged in violation of Colorado public policy for seeking workers' compensation.[5]  *See* Docket No. 2 at 3.  "Colorado courts have implied a cause of action for retaliation for the exercise of workers' compensation rights."  *Wehrley v. Am. Family Mut. Ins. Co.*, 513 F. App'x 733, 744 (10th Cir. 2013) (unpublished) (citing *Lathrop v. Entenmann's, Inc.*, 720 P.2d 1367, 1373 (Colo. App. 1989)).  Because employees have a statutory right to seek workers' compensation in Colorado, "an employer's retaliation against such an employee for his exercise of such right violates Colorado's public policy."  *Id.* (citation omitted).  To succeed on such a claim, plaintiff must demonstrate that (1) he was employed by defendant; (2) defendant discharged plaintiff; an (3) defendant discharged plaintiff for "exercising a job-relate right or privilege" or, in this case, for filing a workers' compensation claim.  *Brown v. Premier Roofing, LLC*, 173 F. Supp.3d 1181, 1184 (D. Colo. 2016) (citation omitted).  At a minimum, such a claim "requires evidence of a causal connection between the exercise of workers' compensation rights an the firing."  *Wehrely*, 513 F. App'x at 744.

The Court finds that plaintiff has failed to establish that he was fired as a result of filing his workers' compensation claim.  The undisputed evidence demonstrates the following: (1) plaintiff falsified his time records on January 14, 2018; (2) defendant

---

[5] Because plaintiff's claims are based on state law, the Court applies Colorado law in resolving the motion.  *See Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995) ("In a case in which jurisdiction is founded on diversity, we apply the law of the forum state.")

5

suspended plaintiff as a result; (3) while plaintiff was suspended, he filed a claim for workers' compensation; (4) defendant subsequently fired plaintiff after completing its investigation into the January 14, 2018 incident; and (5) plaintiff never informed defendant that he filed a workers' compensation claim.  Docket No. 44 at 5-7, ¶¶ 28-31, 35, 37, 39, 48, 50.  Accordingly, the evidence shows that plaintiff was caught falsifying his time records and was terminated as a result.  Moreover, plaintiff admits that he never informed defendant that he had filed a workers' compensation claim.  *Id.* at 7, ¶ 50.  Plaintiff argues that defendant knew that he had "filed workers' compensation claims after sustaining work-related injuries in 1993 and 2006," *see* Docket No. 51 at 15, but plaintiff fails to explain how his prior workers' compensation claims have anything to do with his 2018 claim, particularly given that plaintiff never informed defendant that he filed the 2018 claim.  While plaintiff asserts that defendant knew plaintiff was injured because a supervisor asked plaintiff about a limp, *id.*, plaintiff admits that he told his supervisor that the limp was just a part of getting old.  *Id.* at 8, ¶ 5.  There is no evidence indicating that defendant (1) knew plaintiff was injured on the job or (2) knew that plaintiff had filed, or was going to file, a workers' compensation claim.  Therefore, there is no "causal connection," *Wehrley*, 513 F. App'x at 744, between plaintiff's filing of his workers' compensation claim and his termination.  Because plaintiff has failed to raise any genuine issue of material fact on the issue of causation, defendant is entitled to summary judgment.[6]

---

[6] Defendant argues that the *McDonnell Douglas* framework applies to plaintiff's state law wrongful termination claim.  *See* Docket No. 44 at 11.  In support, defendant cites a Tenth Circuit case involving a Family Medical Leave Act retaliation claim.  *See id.* (citing *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir.

For the foregoing reasons, it is

**ORDERED** that Defendant Frito-Lay Inc.'s Motion for Summary Judgment [Docket No. 44] is **GRANTED**.  It is further

**ORDERED** that judgment shall enter for defendant and against plaintiff on all claims.  It is further

**ORDERED** that, within 14 days of the entry of judgment, defendant may have its costs by filing a bill of costs with the Clerk of the Court.  It is further

**ORDERED** that this case is closed.

DATED September 22, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

2006)).  There is no indication in that case that the *McDonnell Douglas* framework applies to plaintiff's claim.  *See Metzler*, 464 F.3d at 1170.  However, even if it did, the Court finds that plaintiff could not make out a prima facie case.   To make out a prima facie case, plaintiff must "show[] actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based" on plaintiff's filing of his workers' compensation claim.  *Cf. Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 293 (2015) (describing the framework in the context of Title VII).  The only evidence here is that plaintiff falsified records and was terminated as a result, and that defendant was unaware of his workers' compensation claim when it took such action.  Thus, it is not "more likely than not" that plaintiff was fired due to the filing of a workers' compensation claim.  *Id.*  Accordingly, plaintiff could not make out a claim under *McDonnell Douglas*.